IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


IVY L. TEAGUE                                                                                    PLAINTIFF


v.                                        5:07CV00176 JLH/JTR


MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration[1]                                                                   DEFENDANT

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge J. Leon Holmes. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Ivy L. Teague, has appealed the final decision of the Commissioner of the Social Security Administration denying his claim for Supplemental Security Income (SSI), based on disability. Both parties have submitted Appeal Briefs (docket entries #9 and #10), and the issues are now joined and ready for disposition.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). While "substantial

---

[1]Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007. He is therefore substituted for Jo Anne B. Barnhart pursuant to Fed.R.Civ.P. 25(d)(1).

evidence" is that which a reasonable mind might accept as adequate to support a conclusion,[2] "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged that he was limited in his ability to work by a learning disability, psychotic disorder, suicidal ideation, depression, and bad nerves. (Tr. 73.) After conducting an administrative hearing, during which Plaintiff testified, the Administrative Law Judge ("ALJ") concluded that Plaintiff had not been under a disability, within the meaning of the Social Security Act, at any time through January 25, 2007, the date of his decision. (Tr. 29.) On June 21, 2007, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making it the final decision of the Commissioner. (Tr. 3-5.) Plaintiff then filed his Complaint initiating this appeal. (Docket entry #2.)

Plaintiff was 49 years old at the time of the hearing. (Tr. 185.) He completed the sixth grade in school, but there is some question as to whether he obtained his General Equivalency Diploma. (Tr. 27-28, 185-87.) His past relevant work included jobs as a janitor and groundskeeper. (Tr. 29.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential

---

[2]*Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

evaluation process. Step 1 involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i) (2005). If the claimant is, benefits are denied, regardless of medical condition, age, education, or work experience. *Id.* at § 416.920(b).

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment. *Id.*, § 416.920(a)(4)(ii). If not, benefits are denied. *Id.*

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id.*, § 416.920(a)(4)(iii).[3] If so, and the duration requirement is met, benefits are awarded. *Id.*

Step 4 involves a determination of whether the claimant has sufficient RFC, despite the impairment(s), to perform the physical and mental demands of past relevant work. *Id.*, § 416.920(a)(4)(iv). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, § 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since his alleged onset date[4] (Tr. 25); (2) had "severe" impairments, borderline intellectual functioning, a psychotic disorder not otherwise specified, an anxiety disorder not otherwise specified, and asymptomatic HIV (*id.*); (3) did not have an impairment or combination of impairments that met or equaled a Listing (*id.*); (4) retained the RFC for unskilled medium work (Tr. 26); and (5) was able

---

[3]If the claimant's impairments do not meet or equal a Listing, then the ALJ must determine the claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence. *Id.*, § 404.1520(e). This RFC is then used by the ALJ in his analysis at Steps 4 or 5. *Id.*

[4]Plaintiff alleged an onset of disability March 1, 1996. (Tr. 50.) He had a protective filing date of October 5, 2004. (Tr. 23.) SSI benefits are not payable for a period prior to the application. *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989).

to perform his past relevant work as a janitor and groundskeeper. (Tr. 29) Thus, the ALJ concluded that Plaintiff was not disabled. *Id.*

In reaching his decision, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce his alleged symptoms. However, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely credible. (Tr. 26.)

In his Appeal Brief, Plaintiff contends that the ALJ erred by: (1) failing to give controlling weight to the opinion of R. Greg Wooten, M.D., his treating psychiatrist; (2) substituting his opinion for that of medical experts, his treating physicians; (3) failing to find that his impairments met, medically equaled, or functionally equaled Listings 12.03 and 12.05C or D; (4) arriving at an RFC determination that was not supported by substantial evidence; (5) stopping his analysis at Step 4 of the sequential evaluation process; and (6) failing to develop the record. Because Plaintiff's fourth argument has merit, the Court will not address Plaintiff's other arguments.[5]

The ALJ found that Plaintiff had the RFC:

> [T]o perform unskilled work at the medium exertional level. He can perform occasional lifting of 50 pounds, frequent lifting of 25 pounds, sit for a total of 6 to 8 hours during an 8 hour workday, and stand/walk for a total of 6 to 8 hours during an 8 hour workday.

(Tr. 26.) According to Plaintiff, this RFC determination is not supported by substantial evidence. (*Pltf.'s App. Br.* at 21-24.)

In his decision, the ALJ found that Plaintiff had "severe" impairments, including borderline intellectual functioning, a psychotic disorder not otherwise specified, and an anxiety disorder not otherwise specified. (Tr. 25.) A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th

---

[5]Sequentially, the ALJ was required to resolve the issue of whether Plaintiff met a Listing before determining Plaintiff's RFC. The Court has compared the medical evidence and Listings 12.03 and 12.05C and D and is satisfied that the ALJ's decision as to those Listings was supported by substantial evidence.

Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2006). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989).

> (a)  *Non-severe impairment(s).*  An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b)  *Basic work activities.*  When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs.  Examples of these include--
> (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2)  Capacities for seeing, hearing, and speaking;
> (3)  Understanding, carrying out, and remembering simple instructions;
> (4)  Use of judgment;
> (5)   Responding appropriately to supervision, co-workers and usual work situations; and
> (6)  Dealing with changes in a routine work setting.

20 C.F.R. § 416.921 (2006).

The ALJ's decision also documented the application of the psychiatric review technique.[6] (Tr. 26.)  The ALJ concluded that Plaintiff had "no more than mild" limitation in his activities of daily living.  *Id.*  He found that Plaintiff had "moderate" limitation in the domain of social functioning and in concentration, persistence and pace.  *Id.*

Despite finding that Plaintiff had "severe" mental impairments that impacted three areas of functioning essential to work, the ALJ did not incorporate *any* mental restrictions in his RFC determination.  This omission is not supported by substantial evidence.  The ALJ's failure to incorporate the effects of Plaintiff's "severe" mental impairments in his RFC determination was clear error and resulted in the ALJ's decision not being supported by substantial evidence.  Thus, the ruling of the Commissioner must be reversed and the matter remanded for a reevaluation of Plaintiff's mental impairments and their effect on his ability to work.  Finally, the ALJ should insure that the medical record has been updated prior to the administrative hearing.

---

[6]The Commissioner, by regulation, has identified four areas of functioning essential to work: activities of daily living; social functioning; concentration, persistence or pace and episodes of decompensation.  20 C.F.R. § 416.920a(c)(3) (2006).

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be reversed and remanded for action consistent with this opinion.  This would be a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

DATED this 9th day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE